AO 241 (Rev. 5/85)

# PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|

| Name: Carl Hanif Dukes | Prisoner No. 99A0232 | Case No. 16-5380 |
|---|---|---|

**Place of Confinement**
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Carl Hanif Dukes | v. Daniel A. Senkowski |

The Attorney General of the State of: Elliot Spitzer

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Albany County Court House, Albany, New York 12207
2. Date of judgment of conviction: 1-5-99
3. Length of sentence: 37 1/2 Years to life
4. Nature of offense involved (all counts): Murder in Second degree, Burglary in First degree, Robbery in First degree, and Robbery in Second degree

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count of indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:
   (a) Name of court _Supreme Court - Appellate Division Third Dept._
   (b) Result _Ordered that Judgment is affirmed_
   (c) Date of result and citation, if known _December 14, 2000_
   (d) Grounds raised _Right to Counsel, ineffective assistance of Counsel, Hearsay Testimony_
   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:
      (1) Name of court _State of New York Court of Appeals_
      (2) Result _Denied Application for Leave to the Court of Appeals_
      (3) Date of result and citation, if known _April 9, 2001_
      (4) Grounds raised _Right to Counsel, ineffective assistance of Counsel, Hearsay Testimony_
   (f) If you filed a petition for centiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:
      (1) Name of court _N/A_
      (2) Result _N/A_
      (3) Date of result and citation, if known _N/A_
      (4) Grounds raised _N/A_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐   No ☑

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court _____
        (2) Nature of proceeding _N/A_
        (3) Grounds raised _N/A_

_____ N/A _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

   Yes ☐    No ☐

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(b) As to any second petition, application, or motion give the same information:

   (1) Name of court _____

   (2) Nature of proceeding _____ N/A _____

   (3) Grounds raised _____

   _____ N/A _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?

      Yes ☐    No ☐

   (5) Result _____ N/A _____

   (6) Date of result _____ N/A _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

   (1) First petition, etc.      Yes ☐    No ☑

   (2) Second petition, etc.   Yes ☐    No ☑

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A _____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize briefly *the facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a seperate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. if you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Convictions obtained by the uncontitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the prosecution against double jeopardy.
(h) Conviction obtained by action of a grand jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right to appeal.

A. Ground one: _See attachment - A_

Supporting FACTS (state *briefly* without citing cases or law) _____

B. Ground two: _See attachment - A_

Supporting FACTS (state *briefly* without citing cases or law) _____

C. Ground three: *See attachment – A*

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four: *See attachment – A*

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any court, state or federal, state *briefly* what grounds were not so presented, and give your reason for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

    Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing *Richard J. McNally 251 River Street P.O. Box 484 Troy, New York 12181*
    (b) At arraignment and plea *Richard J. McNally 251 River Street P.O. Box 484 Troy, New York 12181*

(c) At trial: Richard J. McNally  251 River Street
P.O. Box 484  Troy, New York  12181

(d) At sentencing Richard J. McNally  251 River Street
P.O. Box 484  Troy, New York  12181

(e) On appeal Paul J. Connolly  744 Broadway
Albany, New York  12207

(f) In any post-conviction proceeding_____

(g) On appeal from any adverse ruling in a post-conviction proceeding_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☑   No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: Albany County Court House

(b) Give date and length of the above sentence: January 5, 1999  1 3/4 – 4 Years

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3-4-02
(date)

_____
Signature of Petitioner

(7)

## ATTACHMENT - A

**Ground One:** COUNTY COURT ERRED IN ALLOWING THE PROSECUTRIX TO READ INTO EVIDENCE MATHEW PARSONS GRAND JURY TESTIMONY

**Supporting FACTS** Just before Mathew Parsons testified for the people, a colloquy took place outside the jury's presence. The court advised counsel that it had information that Parsons would refuse to testify. The people urged that Parsons had no basis to refuse to testify, and that, they had the right to call him as a witness. Over defense counsel's objection the court ruled that the people could call Parsons.

**Ground Two:** COUNTY COURT ERROR IN ALLOWING THE PEOPLE TO INTRODUCE THE GRAND JURY TESTIMONY OF MATHEW PARSONS WAS NOT HARMLESS

**Supporting FACTS** Parsons testimony, strongly suggest that the shooting was intentional. This suggestion could well have been enough to convince the jury, beyond a reasonable doubt, that the circumstances surrounding the killing evinced the killers depraved indifference to human life. In absence of that testimony, the jury might well have been left with the reasonable doubt as to whether the circumstances of the killing were suggestive of an accident or of intent to injure. As will be further explained, the people's improper use of Parsons Grand Jury testimony caused the jury to convict defendant of depraved indifference murder.

**Ground Three:** DEFENDANTS SEPTEMBER 8 STATEMENTS WERE OBTAINED IN VIOLATION OF HIS ROGERS RIGHT TO COUNSEL, COUNTY COURT ERRED IN REFUSING TO SUPPRESS THEM, AND THE ERROR REQUIRES THERE BE A NEW TRIAL

**Supporting FACTS** It is undisputed that defendants lawyer (Bertrand F. Gould) who represented defendant on unrelated charge, was absent from at least the final part of the pre-interrogation miranda warning. Gould was absent when defendant allegedly agreed to talk to police at the conclusion of the miranda warning. Gould being in a near by room did not render him present, for counsel was unable to hear or see defendant and defendants interrogators is absent. County Court considered defense counsel to have been present when defendant purportedly waived his rogers right, because there was evidence that, just after detective Matos began the miranda warning, defense counsel told defendant that he would be waiting in an adjacent room, and asked if that would be okay. Defendant replied that it would be. This conversation and record does not suggest counsel told defendant that he had the right to have counsel present for the entire interview or that he would remain if defendant wished. It is undisputed, that before September 8, 1997 police had learned defendant was apparently involved in the Mitchell homicide. Detective Sgt. Breen testified that he told defense counsel that he had information that defendant was involved in the homicide. Detective Matos claimed that before interrogation, himself and Detective Wilcox, told Gould they wanted to see if defendant had any information regarding the robbery and the homicide. Gould maintained that all the police or the District Attorney told him was that police wished to speak with defendant about a robbery, and defendant would be released if cooperated. The police never once told Gould that his client/defendant was a suspect.

1

.... Given Gould's unequivocal testimony, contrasted with Breen's equivocal testimony, the weight of the evidence requires the conclusion that the police did not advise Gould that his client was a suspect. By telling Gould, not that the defendant was a suspect, but that the defendant would be released that day if he cooperated, the police affirmatively misled Gould into thinking that defendant could safely waive his right to refuse to talk to police and his right to talk to police in the presence of counsel if he chose to talk with police. As discussed above, the police considered defendent a suspect in the subject offenses when asked to speak with him; they had specific information that he was involved in those offenses. Absent those statements, there would have been no direct admissible evidence placing defendant at the scene of the burglary or homicide, and no strong circumstantial evidence leading to the inference that he was present. To be emphasized here is that parsons never testified at trial that defendant was present for the burglary or homicide, and his Grand Jury testimony placing defendant at the scene of both offenses was not properly before the jury for any purpose.

**Ground Four:** COUNTY COURT SHOULD HAVE SUPPRESSED DEFENDANTS SEPTEMBER 8 STATEMENTS BECAUSE THEY WERE IN VIOLATION OF HIS ROGERS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED BY THE RESPECTIVE STATE AND FEDERAL CONSTITUTIONS, AND THE ERROR REQUIRES THAT THERE BE A NEW TRIAL

**Supporting FACTS** Pending against defendant on September 8, 1997, when he gave incriminating statements to police regarding the charges at issue herein, was an unrelated felony indictment on which attorney Gould, of the Public Defenders office, represented him. Before interrogating defendant, the police told Gould they wished to speak with his client about an ongoing investigation. Also before the interrogation, the police had information implicating defendant in the homicide and burglary. The weight of the evidence at the suppression hearing was that police did not tell Gould that his client was a suspect. In it's decision on the suppression motion, County Court did not find that, before the interrogation, the police had told Gould that his client was a suspect. The record does not indicate that Gould inquired of the police whether his client was a suspect. Gould's purported reason for not remaining with his client during the interrogation was to avoid learning information about other clients or potential clients of the Public Defenders office. It must be presumed, that Gould did not ask defendant to divulge to him the information he intended to divulge to the police. In urging County Court to suppress his September 8 statements, defendant contended, inter alia, that they were obtained in violation of his right to effective assistance of counsel. In it's decision denying the motion to suppress, however, County Court ignored this argument. Defendant undoubtedly had the right to have counsel present during the interrogation and the right not to speak to police at all. Defense counsel nevertheless allowed the police to interrogate his client about an ongoing criminal investigation, whether his client was a suspect. He apparently did not trouble to ask the police or District Attorney, before the interrogation, whether his client was a suspect. In any case, he did not ascertain from defendant what information he intended to divulge to police. To be noted is that defendant thought the information he was supplying to the police would not subject him to any criminal liability. In the statement concerning the robbery, he claimed to be just a "look out".

2

.... Similarly, in the statement regarding the homicide, he claimed to be just an observer. When Gould spoke to defendant during breaks in the interrogation, defendant gave no indication that he required assistance. Of course, competent counsel would have ascertained from defendant, before any interrogation, precisely what he intended to tell police. Competent counsel would have told defendant that, contrary to his understanding, the information he intended to divulge was highly inculpatory. To purposely decline to obtain from defendant information needed to properly counsel him for fear of creating a conflict of interest was inexcusable. Also inexcusable and inexplicable was defense counsel's decision to absent himself from the interrogation, abandoning his client to the police for hours. Had counsel been present, he would presumably stopped the the interrogation at defendant's first incriminating utterance. There was no reason, consistent with defendant's best interest, for counsel's decision to advise defendant to speak to the police without ascertaining whether he was a suspect or what he intended to tell the police. Nor was there any possible reason, consistent with his duty to protect his client, for counsel to abandon defendant to his police interrogators. Even if this deprivation of the right to counsel were subject to harmless error analysis, a new trial would still be required. Because this deprivation is an error of constitutional dimension.

**Ground Five:** COUNTY COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE PROSECUTRIX TO ELICIT HEARSAY TESTIMONY ESTABLISHING DEFENDANT'S PRESENCE AT THE SCENE OF THE HOMICIDE ON REDIRECT EXAMINATION OF DETECTIVE SBUTONI

Supporting FACTS Sbuttoni never answered the question as to whether Lyons denied participation in the homicide. Accordingly, no door whatever was opened as to what Lyons did say about his role in the homicide. Assuming, arguendo, that some door was opened, all sbuttoni could properly have been permitted to testify to was that Lyons told him that he had accompanied two other people to Mitchell's residence, but had walked away while they entered. There was no basis whatever to permit sbuttoni to repeat Lyon's hearsy identification of defendant as one of the people who accompanied him to Mitchell's residence. To elicit this identification, the people were required to call Lyon's. Defense counsel did not put into issue the content of Lyon's statement to sbuttoni as to the homicide, for sbuttoni testified to no part thereof on cross-examination. Even assuming that he did put part of that statement in issue, it was only the part concerning Lyon's participation, and not also the part concerning defendant's participation. Accordingly, there was no proper basis to permit the prosecutor's elicitation on redirect of Lyon's hearsay account of defendant's role in the homicide. Sbuttoni's account of what Lyon's told him about the homicide placed defendant at the scene. In the absence of defendant's September 8 statements, this evidence could have contributed to the verdict.

3